UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY YOUNG (#325559)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 08-299-JVP-SCR

### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, March 3, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY YOUNG (#325559)

VERSUS                                             CIVIL ACTION

BURL CAIN, ET AL                                   NUMBER 08-299-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment.  Record document number 24.  The motion is not opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Deputy Warden Darrel Vannoy, Assistant Warden Shirley Coody, Col. Charles Honeycutt, Lt. John Orr, Sgt. James Tyler, Capt. Brandon Bonnett, Sgt. Wayne Gulliver and Lt. Sam Adams.  Plaintiff alleged that he was subjected to an excessive use of force on April 22, 2007, was denied prompt medical treatment following the incident, and his hair was cut in accordance with a prison grooming policy in violation of his constitutional rights.

Defendants Cain, Stalder, Vannoy, Coody and Honeycutt moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedure (hereinafter ARP) LSP-2007-11563.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Defendants[1] moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding any claim against them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust);

---

[1] Defendants Orr, Tyler, Bonnett, Gulliver and Adams did not participate in the defendants' motion for summary judgment.

2

*Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006).  Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.  *Id*., 126 S.Ct. at 2389-90.  The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system.  *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007).  Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.  *Johnson v. Johnson*, 385

3

F.3d 503, 522 (5th Cir. 2004).  A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

Although the defendants argued that the plaintiff failed to exhaust available administrative remedies regarding his claims against them, the argument is not supported by the summary judgment evidence.  A review of ARP LSP-2007-11563 showed that the allegations made in the administrative grievance were sufficiently specific to provide prison officials with a fair opportunity to address the plaintiff's excessive force, medical indifference and First Amendment claims which now form the basis of the plaintiff's § 1983 claims.  Nothing more is required.

The summary judgment evidence showed that the plaintiff properly exhausted available administrative remedies regarding his claims against the named defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be denied.

Baton Rouge, Louisiana, March 3, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE