UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY YOUNG (#325559)

VERSUS                                                      CIVIL ACTION

BURL CAIN, ET AL                                            NUMBER 08-299-JVP-SCR

RULING

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Deputy Warden Darrel Vannoy, Assistant Warden Shirley Coody, Col. Charles Honeycutt, Lt. John Orr, Sgt. James Tyler, Capt. Brandon Bonnett, Sgt. Wayne Gulliver and Lt. Sam Adams. Plaintiff alleged that he was subjected to an excessive use of force on April 22, 2007, was denied prompt medical treatment following the incident, and his hair was cut in accordance with a prison grooming policy in violation of his constitutional rights.

Plaintiff also filed a motion for temporary restraining order and preliminary injunction. Record document number 70. Plaintiff sought an order directing prison officials to allow him to wear his hair in dread locks and to require that all uses of chemical irritants on prisoners be video-recorded.

In order to determine whether to issue a preliminary

injunction the court must consider four factors:[1]

1. the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2. the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3. the probability that the plaintiff will succeed on the merits; and

4. the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order of the sort the plaintiff seeks. Therefore, his request for a temporary restraining order and a preliminary injunction is denied.

Baton Rouge, Louisiana, September ____, 2009.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[1] Wright and Miller, Federal Practice and Procedure: Civil, § 2948, et seq.

2